**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **WENJIE XIE,** | |
| Plaintiff, | Civil Action No.: 25-cv-00325 |
| v. | Honorable Judge Jorge L. Alonso |
| **THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX "A",** | Magistrate Judge Heather K. McShain |
| Defendants. | |

## PLAINTIFF'S SECOND MOTION TO COMPEL

Plaintiff, Wenjie Xie ("Plaintiff"), hereby moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendants https://www.pandahall.com/ ("Pandahall") and https://www.pandawhole.com/ ("Pandawhole") (collectively, "Defendants"), to respond fully to Plaintiff's First Set of Interrogatories and to produce documents responsive to Plaintiff's First Set of Requests for the Production (collectively, "Plaintiff's Discovery Requests"), attached as **Exhibit A**.

## BACKGROUND

On January 13, 2025, Plaintiff filed the above lawsuit alleging Defendants committed acts of copyright infringement of Copyright No. VA 2-404-289 ("Plaintiff's Copyright"). [Dkt. No. 6]. Defendants have appeared and engaged in substantive, disjunctive motion practice. [Dkt. Nos. 33, 37, 43, 46, 59, 69].

On May 7, 2025, this Court denied several disjunctive, pending motions without prejudice, ordering Plaintiff and Defendants file a joint status report within seven days of expedited discovery

1

concluding. [Dkt. No. 101]. As seen below, Plaintiff has sent multiple deficiency letters, engaged in multiple Zoom conferences, engaged in several telephone calls, and corresponded countless times via email reiterating the already detailed deficiencies. Defendants continue to refuse to produce complete information to conclude expedited discovery. Rather, Defendants continue to produce minimal, incomplete supplements to keep this cycle going.

Notably, Defendants' Counsel's behavior throughout this repetitious cycle has been very unprofessional, leading to further difficulty in conferring and obtaining the relevant discovery requests. Indeed, Defendants' Counsel has threatened Plaintiff multiple times for various, disjunctive reasons. As seen in Exhibit F, Defendants' Counsel has repetitiously badgered Plaintiff's Counsel throughout the discovery process, hinting that Plaintiff's Counsel may "risk your bar license", that Plaintiff's seeking of relevant discovery "is not a good practice for an attorney", and threatening Defendants will file a motion to compel Plaintiff's Counsel signature that discovery is complete and will seek "attorney fees and court costs, for your bad-faith behavior…" This is just parts of the threatening information Defendants' Counsel has relayed via written communication. Defendants' Counsels' verbal threats and episodes at telephonic meet and confers likely go beyond such unprofessionalism noted above, including two instances of Defendants' Counsel aggressively badgering Plaintiff's Counsel about "what kind of person you are."

This behavior is extremely unprofessional and has only created more difficulty in obtaining relevant discovery from such foreign, seller aliases.

Plaintiff has spent countless hours and money trying to engage in good-faith discovery with little to no resolve. It has been about five (5) months since Plaintiff issued Plaintiff's Discovery

Requests, which were due within seven (7) days. This delay is extreme, the cycle is endless, and Defendants' Counsel's conduct is beyond unprofessional.

Putting aside the deficient, devoid, and disjunctive responses as a whole, Plaintiff files this Motion regarding one particular issue: **complete sales records**.


## TIMELINE

- (On or around) March 12, 2025: Plaintiff issued Plaintiff's Discovery Requests to Pandahall, requesting responses within seven days per the Preliminary Injunction Order.

- (On or around) March 22, 2025: Defendant Pandahall issued late, deficient responses.

- (On or around) March 24, 2025: Plaintiff issued a First Deficiency Letter to Pandahall (**Exhibit B**).

- (On or around) March 25, 2025: a first meet and confer meeting, via Zoom, occurred per Plaintiff's request.

- (On or around) March 28, 2025: Plaintiff issued Plaintiff's Discovery Requests to Pandawhole, requesting responses within seven days per the Preliminary Injunction Order.

- (On or around) April 7, 2025: Defendants both issued minimal, deficient responses.

- (On or around) April 9, 2025: Plaintiff issued a Second Deficiency Letter to Pandahall (**Exhibit B**) and First Deficiency Letter to Pandawhole (**Exhibit C**).

- (On or around) April 10, 2025: a second meet and confer meeting, via telephone, occurred per Plaintiff's request.

- (On or around) April 21, 2025: Plaintiff filed a Motion to Compel [84] because Defendants failed to cure any deficiencies.

- (On or around) April 22, 2025: Defendants both produced minimal, deficient supplements.

- (On or around) May 5, 2025: a third meet and confer meeting, via Zoom, occurred per Plaintiff's request.

- (On or around) May 15, 2025: Defendants both produced minimal, deficient supplements.

- (On or around) June 6, 2025: Plaintiff issued a Third Deficiency Letter to Pandahall (**Exhibit B**) and Second Deficiency Letter to Pandawhole (**Exhibit C**), requesting another meet and confer, to which no response was given by Defendants.

- (On or around) June 24, 2025: Defendant Pandahall produced minimal, deficient supplements.

- (On or around) July 3, 2025: Plaintiff, via email, reiterated the outstanding, exact same deficiencies which were not cured – again, and amongst other things, noted their minimal supplementation did not include any supplementation for Pandawhole.

- (On or around) July 11, 2025: Defendants both produced minimal, deficient supplements.

- (On or around) July 11, 2025: Plaintiff, via email, reiterated the outstanding, exact same deficiencies which were not cured – again.

- (On or around) July 11, 2025: Defendants noted Plaintiff should file a motion to compel if needing further information, indicating Defendants have concluded their participation.

- (On or around) July 21, 2025: Defendants' Counsel sent other documentation not relevant to Defendants, requesting Plaintiff agree to file a Joint Status Report, which in part indicates discovery was completed.

- (On or around) July 21, 2025: Plaintiff denied consent to the filing of a Joint Status Report because discovery was not complete.

- (On or around) July 23, 2025: Defendants both produced minimal, deficient supplements.

4

- (On or around) July 24, 2025: Plaintiff, via email, reiterated the outstanding, exact same deficiencies which were not cured – again.

- (On or around) July 24, 2025: Defendants objected to further disclosure, requesting Plaintiff to file a motion to compel if Plaintiff did not agree.

- (On or around) August 5, 2025: Plaintiff, via email, reiterated the outstanding, exact same deficiencies which were not cured – again. Plaintiff further denied consent to the filing of a Joint Status Report because discovery was not complete, suggesting Defendant seek Court intervention if they refused to produce the relevant information and wanted to submit the Joint Status Report indicating discovery was concluded.

- (On or around) August 13, 2025: Defendants  both produced minimal, deficient supplements.

- (On or around) August 14, 2025: Plaintiff, via email, reiterated the outstanding, exact same deficiencies which were not cured – again.

- (On or around) August 16, 2025: Defendants  both produced minimal, deficient supplements.

- (On or around) August 19, 2025: Plaintiff, via email, reiterated the outstanding, exact same deficiencies which were not cured – again.

- (On or around) August 19, 2025: Defendants objected to further disclosure, requesting Plaintiff to file a motion to compel if Plaintiff did not agree and threatening that Defendants will seek attorney fees.

**LOCAL RULE 37.2 MEET AND CONFER CERTIFICATION**

As a preliminary matter, resolving the ongoing discovery disputes in-person is impracticable. This requirement is impracticable because Plaintiff's Counsel is based in Chicago, IL, and Defendants' Counsel is based in Palmetto Bay, FL. *See* Lei Decl. at ¶ 2. As a result, Plaintiff's Counsel has utilized several medias in the process of attempting to resolve the discovery disputes. *Id*. As detailed below, Zoom videoconferencing was utilized several times, telephonic phone calls were utilized several times, and written correspondence was utilized numerous times, including almost a half-dozen official Letters and countless, detailed emails. *Id*.

Further, as noted above, Defendants' Counsel has been extremely difficult to work with. Defendants' Counsel has engaged in threatening emails and even aggressive verbal episodes questioning Plaintiff's Counsel. *See* Lei Decl. at ¶ 21; *See also* Exhibit F. As a result, conducting further meet and confers (on top of the three already conducted) is very burdensome and impracticable based on Defendants' Counsel's behavior.

On March 24, 2025, Plaintiff sent a detailed First Deficiency Letter via email to Defendants' Counsel advising of the major deficiencies in Defendant Pandahall's discovery responses. *See* Lei Decl. at ¶ 4. Further, Plaintiff requested a meet and confer with Defendants' Counsel and that responsive answers be produced by March 31, 2025. *See* Lei Decl. at ¶ 4; *see also* Exhibit B.

After scheduling a meet and confer, at Plaintiff's request, a first Local Rule 37.2 meet and confer conference, via Zoom videoconference, occurred on March 25, 2025, which was attended by Plaintiff's Counsel and Defendants' Counsel. *See* Lei Decl. at ¶ 5.

On April 9, 2025, Plaintiff issued a Second Deficiency Letter to Defendant Pandahall and a First Deficiency Letter to Defendant Pandawhole. *See* Lei Decl. at ¶ 6. Further, Plaintiff

requested a meet and confer with Defendants' Counsel and that responsive answers be produced by April 14, 2025. *See* Lei Decl. at ¶ 6; *see also* Exhibits B-C.

After scheduling a second meet and confer, at Plaintiff's request, a second Local Rule 37.2 meet and confer conference, via telephone, occurred on April 10, 2025, which was attended by an Associate of Plaintiff's law firm and Defendants' Counsel. *See* Lei Decl. at ¶ 7.

After scheduling a meet and confer, at Plaintiff's request, a third Local Rule 37.2 meet and confer conference, via Zoom videoconference, occurred on May 5, 2025, which was attended by an Associate of Plaintiff's law firm and Defendants' Counsel. *See* Lei Decl. at ¶ 8.

On June 6, 2025, Plaintiff issued a Third Deficiency Letter to Defendant Pandahall and a Second Deficiency Letter to Defendant Pandawhole. *See* Lei Decl. at ¶ 9. Further, Plaintiff requested a meet and confer with Defendants' Counsel and that responsive answers be produced by June 13, 2025. *See* Lei Decl. at ¶ 9; *see also* Exhibits B-C. Defendants never acknowledged or sought to engage in a fourth meet and confer, as requested by Plaintiff. *Id.*

On July 3, 2025, July 11, 2025, July 24, 2025, August 5, 2025, August 14, 2025, and August 19, 2025, Plaintiff, via email, detailed the outstanding deficiencies of Defendants' discovery problems, referring to previous emails and deficiencies letters. The main issue was the same: complete sales records.

Defendants both refused to produce multiple times and yet still produced minimal, deficient productions, none of which were complete.

Despite multiple meet-and-confer conferences, detailed deficiency letters, several emails, and several extensions, Plaintiff has not received any sufficient, responsive supplements to Plaintiff's Discovery Requests.

Pursuant to Local Rule 37.2, Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the responses without court action. *See* Lei Decl. at ¶ 19. In fact, Defendants, on three separate occasions, requested Plaintiff to file a Motion to Compel due to their position that no further discovery would be produced. *See* Lei Decl. at ¶ ¶ 12, 14, 18.

## ARGUMENT

As requested by Defendants, Plaintiff files this Motion to Compel Defendants to produce complete sales records. *See* Lei Decl. at ¶ ¶ 12, 14, 18.

Plaintiff's Discovery Requests were clear and sought complete sales records of Defendants.[1]

"**INTERROGATORY NO. 7**:
Identify any and all orders of Your products, as identified in Your response to Interrogatory No. 3, to the United States and State of Illinois, including any and all orders that were cancelled. Indicate and identify which of these orders are Accused Product(s) to the United States and State of Illinois." *See* Exhibit A pp. 7, 40.

"**REQUEST NO. 9**:
Produce all documents, electronically stored information, and things concerning the ratings, reviews, consumer feedback, or any other communication from and to consumers regarding Defendant's products sold on Defendant's E-commerce Stores, *including invoices, receipts, purchase confirmations and shipping confirmations*." *See* Exhibit A pp. 28, 60.

"**REQUEST NO. 11**:
Produce all documents, electronically stored information, and things relating to each product sold into the United States by You between January 1, 2022 and the present including the following for each product sold and/or returned: images of the product, price, sale date, the retail outlet or e-commerce store, and the buyer's name and shipping address." *See* Exhibit A pp. 28, 61.

"**REQUEST NO. 18**:

---

[1] Plaintiff's Discovery Requests refer to the time period of January 1, 2022 to the present, as detailed in the Instructions of Plaintiff's Discovery Requests. *See* Exhibit A.

Produce all documents and electronically stored information sufficient to show the current balance for all Financial Accounts associated with Defendant's Internet Stores, including the transaction history of the Financial Accounts." *See* Exhibit A pp. 30, 63.

The complete sales records of Defendants are relevant.

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence." *Eternity Mart, Inc. v. Nature's Sources, LLC*, No. 19-cv-02436,, at *7 (N.D. Ill. Nov. 15, 2019); *See also* Fed. R. Evid. 401.

Defendants are both independent websites, not operating on a marketplace platform. Both operate out of the nation of China while targeting the U.S. in English and accepting USD, shipping products, including Infringing Products, the U.S. As a result, the expedited, third party discovery of Defendants is very limited. As opposed to marketplace platform like Amazon and Walmart, who can provide sale specific information, the only known third party entity tied to Defendants' businesses is PayPal, who does not have the ability to produce detailed sales records of Defendants. Rather, PayPal data is limited to basic account information and limited financial data regarding account balances.

As a result, Plaintiff has no way to independently obtain and review the sales records of Infringing Products. As such, and due to Defendants' independent nature, complete sales records from the Defendants is essential. Defendants are the only parties with knowledge and access to

their own complete sales records. In this instance, Defendants claim little to no sales of Infringing Products. Further, Defendants, if admitting minimal sales, also contend no sales to the State of Illinois occurred. Yet, Defendants also claim a relatively high amount of assets are frozen. But, Plaintiff, nor any third party, can confirm these self-serving statements.

Here, Int. 7, Request 9, Request 11, and Request 18 are narrowly tailored to discover the complete sales record of Defendants for a limited time period. This is not some fishing expedition. The complete sales records are extremely relevant to Defendants' alleged factual claims above: little to no sales of Infringing Products and locations thereof. Further, the complete sales records are extremely relevant to personal jurisdiction and the overall profits and damages from Defendants' infringement. But, Defendants are the only parties with this knowledge and access. The complete sales records, which are only possessed by Defendants (and likely readily available), are the only evidence available to confirm sales of Infringing Products, and confirm the locations of the sales of Infringing Products. Without such evidence, Plaintiff and this Court will only have Defendants' self-serving contentions.

Not to mention, such information is generally readily available as an e-commerce store. In general, e-commerce platform software tracks each and every sale, date, order number, etc. Such information is commonplace for the management of an e-commerce store. As seen below in the minimal productions by Defendants, this information is generally compiled by their respective software programs and readily available to Defendants via an Excel download. Based on the general availability and relative ease with which such information is available to Defendants, the complete sales records are not unduly burdensome either. Further, the extreme delay in producing such documents calls into question the validity of whatever Defendants do end up producing.

Plaintiff has conveyed to Defendants' Counsel the relevance of the above information, and Defendants continue to refuse to provide adequate discovery.

Over the previous five (5) month period, as delineated in the Timeline above, Defendants went from refusing to produce any relevant documents regarding the complete sales record, to only producing some entries of sales records, to only producing one month worth of some sales records. Thereafter, Defendants – on August 16, 2025, about five (5) months after being served with Plaintiff's Discovery Requests – produced incomplete sales records for the requested time period. *See* Exhibits D-E.

As seen in Exhibits D-E, the produced records are more akin to shipment records, not detailed (and available) sales records disclosing which products were included in which orders, price, dates, quantities, and identification of products. Indeed, such disclosures fail to include key information, including, but not limited to, sale date information[2],  price per unit / order, quantities per entry, picture/image of product (or other way to identify what product(s) were included in the respective orders).

The bottom line is that Plaintiff is unable to identify sales of Infringing Products, unable to identify the locations thereof, and unable to determine the source of frozen assets and verify such assets are not attributable to Defendants' sales of Infringing Products. As detailed above, the complete sales records – detailing the dates, prices, quantities, and specific products per order - are extremely relevant, and this information is only available to Defendants (and is generally readily available for download from backend software). Defendants were previously refusing to produce such any such information, and now, about five months later, Defendants appear to be removing some information and/or providing incomplete information regarding their complete

---

[2] Some sale date information is listed in Column I, others appear to be missing or incomplete.

sales records - again. Not only does Plaintiff question the authenticity of this delayed production, but also, Plaintiff has still not received complete sales records relevant to this Lawsuit.

Finally, pursuant to Fed. R. Civ. P 37(a)(5), Plaintiff respectfully requests reasonable attorney's fees attributable to this Motion. *See* Am. Kitchen Delights, Inc. v. City of Harvey, No. 22 CV 3549, 2023 U.S. Dist. LEXIS 148061, 2023 WL 5431350, at *5 (N.D. Ill. Aug. 23, 2023)("Courts are afforded broad discretion in deciding if fees are warranted under Rule 37(a)(5)."); Belcastro v. United Airlines, Inc., No. 17 C 1682, 2019 U.S. Dist. LEXIS 65847, 2019 WL 1651709, at *15 (N.D. Ill. Apr. 17, 2019)("Like their authority in supervising discovery, courts have broad discretion in deciding if fees are warranted under Rule 37(a)(5)."); Trustees of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc., No. 1:19-CV-2965, 2022 U.S. Dist. LEXIS 199471, 2022 WL 16635553, at *5 (N.D. Ill. Nov. 2, 2022)("Whether the imposition of sanctions would be 'unjust' is determined within the broad discretion of the district court.")

Here, Plaintiff, in good-faith, has attempted to obtain such complete sales records from Defendants for about five (5) months. Throughout this time, Plaintiff was met with refusals to produce and delayed, piecemeal production of incomplete data. All the while, Plaintiff's Counsel was aggressively badgered and threatened by Defendants' Counsel. Defendants' non-disclosure was not substantially justified, as Plaintiff has been requesting such complete sales records for about five (5) months, such requests are relevant and only available to Defendants, and Plaintiff has brought the concern about Defendants producing such documents due to their independent nature before this Court previously.

In sum, Defendants have threatened, badgered, and delayed 'expedited' discovery for about five (5) months. The information sought is extremely relevant, only available to Defendants, and most likely readily available for production.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court compel Defendants to participate in good-faith discovery, responding fully to Plaintiff's Discovery Requests by providing complete sales records. Further, Plaintiff respectfully requests this Court order Defendants to pay Plaintiff's reasonable attorney's fees and costs associated with this Motion.

DATED August 20, 2025

Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*